Michael A. Faillace
Michael Faillace & Associates PC.
60 East 42nd Street Suite 2540
New York, New York 10165
Telephone:(212) 317-1200
Facsimile:(212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IVAN RODRIGUEZ, JUAN PAZ, MARIO HERNANDEZ, HERMENEGILDO MERCENARIO, AND MIGUEL FLORES, *individually and on behalf of others similarly situated,* | **COMPLAINT** **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** **ECF Case** |

 *Plaintiffs*,

 -against-

TBK 82 CORP. (d/b/a CALISTA
SUPERFOODS), TBK 49 CORP. (d/b/a
CALISTA SUPERFOODS), RAZ 49TH
STREET, LLC (d/b/a CALISTA
SUPERFOODS), RAZ EAST 82ND LLC (d/b/a
CALISTA SUPERFOODS), CHIYAN NG,
THOMAS NG, HOWARD CHUNG and
JENNIFER CHUNG,

 *Defendants.*
-------------------------------------------------------X

 Ivan Rodriguez, Juan Paz, Mario Hernandez, Hermenegildo Mercenario, and Miguel

Flores ("Plaintiffs"), individually and on behalf of others similarly situated, by and through their

attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against

Defendants TBK 82 Corp. A and TBK 49 Corp. (d/b/a Calista Superfoods) Raz 49th Street, LLC

(d/b/a Calista Superfoods), Raz East 82nd LLC (d/b/a Calista Superfoods) (together, the

"Defendant Corporations" or "Calista Superfoods"), Chiyan Ng, Thomas Ng, Howard Chung and Jennifer Chung (the "Defendant Individuals"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action to recover minimum and overtime wages and liquidated damages, interest, costs, and attorneys' fees for violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and associated rules and regulations.

2.      Plaintiffs are former employees of Defendants.

3.      Defendants own or owned, operate or operated, and/or control or controlled two health food restaurants located at 301 E. 49th Street, New York, New York 10017 hereinafter "49th Street location") and 1217 Lexington Avenue, New York, New York 10028 (hereinafter "the Lexington Avenue location"), under the name Calista Superfoods.

4.      Plaintiffs were employed as cooks and ostensibly employed as delivery workers , but they were required to spend several hours of their delivery time each day performing non-tipped duties unrelated to deliveries, including food preparation, cutting vegetables, dishwashing, bringing up items for the cooks, stocking deliveries in the basement, cleaning the kitchen, the floor and the bathrooms, making smoothies, performing inventories to assist the owners in buying the needed items, tying up cardboard boxes, taking out the garbage, and sweeping, mopping and cleaning the entire restaurant including the filter above the oven (hereinafter the "non-delivery, non-tip duties").

5.      Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours per week that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours.

8.      Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties required greater or equal time spent in non-delivery, non-tipped functions such as those alleged above.

9.      Regardless, at all times Defendants paid Plaintiffs at the lowered tip-credit rate.

10.     However, under state law Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever were less in each day) (12 N.Y.C.R.R. §146).

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records to avoid paying them at the minimum wage rate, and to enable them to pay them at the lower tip-credited rate by designating them as delivery workers instead of non-tipped employees.

12.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

13.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually, and of all other similarly situated employees and former employees of defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

16.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

### Plaintiff Ivan Rodriguez

17.     Plaintiff Rodriguez is an adult individual residing in Kings County, New York. He was employed by Defendants from on or about October 2010 until January 17, 2014.

18.     During the course of his employment, Plaintiff Rodriguez worked at Defendants' Lexington Avenue and 49th Street Locations.

### Plaintiff Juan Paz

19.     Plaintiff Paz is an adult individual residing in New York County, New York. He was employed by Defendants from on or about June 2010 until January 17, 2014. During the course of his employment, Plaintiff Paz worked at Defendants' Lexington Avenue and 49th Street locations.

### Plaintiff Mario Hernandez

4

20.     Plaintiff Hernandez is an adult individual residing in Queens County, New York. He was employed by Defendants from on or about October 2012 until January 17, 2014. During the course of his employment, Plaintiff Hernandez worked at defendant's 49th Street location.

### Plaintiff Hermenegildo Mercenario

21.     Plaintiff Mercenario is an adult individual residing in New York County, New York. He was employed by Defendants from on or about May 2012 until January 17, 2014. During the course of his employment, Plaintiff Mercenario worked at Defendants' 49th Street location.

### Plaintiff Miguel Flores

22.     Plaintiff Flores is an adult individual residing in Kings County, New York. He was employed by Defendants from on or about June 2010 until January 17, 2014. During the course of his employment, Plaintiff Flores worked at Defendants' Lexington Avenue and 49th Street locations.

### Defendants

23.     At all times relevant to this complaint, Defendants owned, operated, and/or controlled two health food restaurants located at 301 E. 49th Street, New York, New York 10017 and 1217 Lexington Avenue, New York, New York 10028, under the name Calista Superfoods.

24.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

25.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

26.     Upon information and belief, TBK 82 Corp. is a corporation organized and existing under the laws of the state of New York. It maintained its principal place of business at 1217 Lexington Avenue, New York, New York 10028.

27.     Upon information and belief, TBK 49 Corp. is a corporation organized and existing under the laws of the state of New York. It maintained its principal place of business at 301 E. 49th Street, New York, New York 10017.

28.     Upon information and belief, Raz 49th Street, LLC is a corporation organized and existing under the laws of the state of New York. It maintained its principal place of business at 1217 Lexington Avenue, New York, New York 10028.

29.     Upon information and belief, Raz East 82nd LLC is a corporation organized and existing under the laws of the state of New York.  It maintained its principal place of business at 1217 Lexington Avenue, New York, New York 10028.

*Defendant Chiyan Ng*

30.     Defendant Chiyan Ng is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

31.     Defendant Chiyan Ng is sued individually in her capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

32.     Upon information and belief, Defendant Chiyan Ng possesses or possessed operational control over Defendant Corporations possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

33. Defendant Chiyan Ng determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Thomas Ng*

34. Defendant Thomas Ng is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

35. Defendant Thomas Ng is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

36. Upon information and belief, Defendant Thomas Ng possesses or possessed operational control over Defendant Corporations possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

37. Defendant Thomas Ng determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Howard Chung*

38. Defendant Howard Chung is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

39. Defendant Howard Chung is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

40.     Upon information and belief, Defendant Howard Chung possesses or possessed operational control over each of Defendant Corporations possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

41.     Defendant Howard Chung determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Jennifer Chung*

42.     Defendant Jennifer Chung is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

43.     Defendant Jennifer Chung is sued individually in her capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

44.     Upon information and belief, Defendant Jennifer Chung possesses or possessed operational control over each of Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

45.     Defendant Jennifer Chung determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

46.     Defendants operate or operated two health food restaurants under the name "Calista Superfoods," located in the Upper East Side and Midtown areas of Manhattan.

8

47.     Upon information and belief, individual Defendants Chiyan Ng, Thomas Ng, Howard Chung and Jennifer Chung possess or possessed operational control over the Defendant Corporations, each possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

48.     Defendants are or were associated and joint employers, act or acted in the interest of each other with respect to employees, pay or paid employees by the same method, and share or shared control over the employees.

49.     Each Defendant possesses or possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

50.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

51.     In the alternative, Defendants constitute a single employer of Plaintiffs and similarly situated individuals.

52.     Upon information and belief, Individual Defendants Chiyan Ng, Thomas Ng, Howard Chung, and Jennifer Chung operate or operated Defendant Corporations as either alter egos of themselves, and/or fail or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by, among other things:

    a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entity;

b.  defectively forming or maintaining Defendant Corporations, by among other things, failing to hold annual meetings or to maintain appropriate corporate records;

c.  transferring assets and debts freely as between all Defendants;

d.  operating the Defendant Corporations for their own benefit as the sole or majority shareholders;

e.  operating the Defendant Corporations for their own benefit and maintaining control over them as closed corporations or closely held controlled entities;

f.  intermingling assets and debts of their own with the Defendant Corporations;

g.  diminishing and/or transferring assets to protect their own interests; and

h.  other actions evincing a failure to adhere to the corporate form.

53.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for their services.

54.   In each year from 2010 to 2014, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

55.   In addition, upon information and belief, defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily at Calista Superfoods, such as vegetables and beverages, were produced outside the state of New York.

*Individual Plaintiffs*

10

56.     Plaintiffs are former employees of Defendants and were employed as cooks or ostensibly employed as delivery workers. However, the delivery workers were also required to perform the non-delivery, non-tip duties described above.

57.     They seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ivan Rodriguez*

58.     Plaintiff Rodriguez was employed by Defendants from on or about October 2010 until January 17, 2014. During the course of his employment, Plaintiff Rodriguez worked at defendants' Lexington Avenue location From October 2010 until on or about January 2011, and at defendants' 49th Street location from approximately January 2011 until January 2014.

59.      Plaintiff Rodriguez ostensibly was employed by Defendants as a delivery worker. However, during his hours as a delivery worker, Plaintiff Rodriguez spent over five hours a day performing the non-delivery duties described above.

60.     Plaintiff Rodriguez regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York. Plaintiff Rodriguez's work duties required neither discretion nor independent judgment.

61.     Plaintiff Rodriguez regularly worked in excess of 40 hours per week.

62.     From approximately October 2010 until on or about January 17, 2014, Plaintiff Rodriguez worked from approximately 10:00 a.m. until on or about 10:00 p.m. on Mondays, Wednesdays and Fridays, from approximately 11:00 a.m. until on or about 9:30 p.m. on Tuesdays, from approximately 10:30 a.m. until on or about 10:00 p.m. on Thursdays, from approximately 11:00 a.m. until on or about 10:00 p.m. on Sundays and from approximately 10:00 a.m. until on or about 4:00 p.m. every other Friday (typically 69 to 75 hours per week).

11

63.     Throughout his employment with Defendants, Plaintiff Rodriguez was paid his wages by check.

64.     From approximately October 2010 until on or about November 2012, Plaintiff Rodriguez was paid a fixed salary of $360 per week on a bi-weekly basis.

65.     From approximately November 2012 until on or about January 17, 2014, Plaintiff Rodriguez was paid a fixed salary of $400 per week on a bi-weekly basis.

66.     Plaintiff Rodriguez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

67.     For example, on numerous occasions, Defendants required Plaintiff Rodriguez to start working one hour prior to his scheduled start time and continue working one hour past his scheduled departure time and did not pay him any extra funds for the extra time they required him to work.

68.     Although defendants granted Plaintiff Rodriguez a meal break of 1 hour on his regular work days, they did not grant this break every other Friday when Plaintiff Rodriguez left at 4:00 p.m.

69.     Plaintiff Rodriguez was never notified by defendants that his tips would be included as an offset for wages.

70.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Rodriguez's wages.

71.     Defendants did not provide Plaintiff Rodriguez with a statement of wages with each payment of wages, as required by NYLL 195(3).

72.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Rodriguez regarding overtime and wages under the FLSA and NYLL.

73.     Defendants did not give any notice to Plaintiff Rodriguez, in English and in Spanish (Plaintiff Rodriguez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

74.     Defendants required Plaintiff Rodriguez to purchase "tools of the trade" with his own funds—including bicycles, helmets, chains, locks, lights, tires, brakes, and repairs.

*Plaintiff Juan Paz*

75.     Plaintiff Paz was employed by Defendants from approximately June 2010 until January 17, 2014.

76.     During the course of his employment, Plaintiff Paz worked at Defendants' Lexington avenue location from approximately June 2010 until on or about November 2010 and at Defendant's 49th Street location from approximately November 2010 until January 2014.

77.     Plaintiff Paz was employed by Defendants as a cook.

78.     Plaintiff Paz regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York. Plaintiff Paz's work duties required neither discretion nor independent judgment.

79.     Plaintiff Paz regularly worked in excess of 40 hours per week.

80.     From approximately June 2010 until on or about February 2013, Plaintiff Paz worked from approximately 10:00 a.m. until on or about 10:00 p.m. Saturdays through Thursdays (typically 72 hours per week).

81.      From approximately February 2013 until January 17, 2014, Plaintiff Paz worked from approximately 7:00 a.m. until on or about 5:00 p.m. Mondays through Fridays and from approximately 10:00 a.m. until on or about 9:00 p.m. on Saturdays (typically 61 hours per week).

82.     Throughout his employment with Defendants, Plaintiff Paz was paid his wages by check.

83.     From approximately June 2010 until on or about February 2013, Plaintiff Paz was paid $10.00 per hour on a bi-weekly basis.

84.     From approximately January 2013 until January 17, 2014 Plaintiff Paz was paid $13.00 per hour on a bi-weekly basis.

85.     Plaintiff Paz's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

86.     For example, on numerous occasions, Defendants required Plaintiff Paz to continue working until 9:30 p.m. on Saturdays and did not pay him any extra funds for the extra time they required him to work.

87.     From approximately June 2010 until on or about February 2013, Defendants granted Plaintiff Paz a 1 hour meal break.

88.     From approximately February 2013 until January 2014, defendants did not grant Plaintiff Paz any break or meal periods of any length.

89.     Defendants did not provide Plaintiff Paz with a statement of wages with each payment of wages, as required by NYLL 195(3).

90.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Paz regarding overtime and wages under the FLSA and NYLL.

91.     Defendants did not give any notice to Plaintiff Paz, in English and in Spanish (Plaintiff Paz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Mario Hernandez*

14

92.     Plaintiff Hernandez was employed by Defendants from approximately October 2012 until January 17, 2014.

93.     During the course of his employment, Plaintiff Hernandez worked at defendants' 49th Street location.

94.      Plaintiff Hernandez ostensibly was employed by Defendants as a delivery worker. However, during his hours as a delivery worker, Plaintiff Hernandez spent over five hours a day performing the non-delivery duties described above.

95.     Plaintiff Hernandez regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York. Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

96.     Plaintiff Hernandez regularly worked in excess of 40 hours per week.

97.     From approximately October 2012 until on or about February 2013, Plaintiff Hernandez worked from approximately 10:00 a.m. until on or about 10:00 p.m. Mondays through Saturdays and from approximately 10:00 a.m. until on or about 4:00 p.m. every other Friday (typically 60 to 66 hours per week).

98.     From approximately March 2013 until January 17, 2014, Plaintiff Hernandez worked from approximately 10:00 a.m. until on or about 10:00 p.m. Mondays, Tuesdays, Thursdays and Saturdays, from approximately 10:30 a.m. until on or about 10:00 p.m., Wednesdays and Fridays and from approximately 10:00 a.m. until on or about 4:00 p.m. every other Friday (typically 71 to 77 hours per week).

99.     Throughout his employment with Defendants, Plaintiff Hernandez was paid his wages by check.

100.    From approximately October 2012 until on or about July 2013, Plaintiff Hernandez was paid a fixed salary of $345 per week on a bi-weekly basis.

101.    From approximately January 2013 until January 17, 2014 Plaintiff Hernandez was paid a fixed salary of $360 per week on a bi-weekly basis.

102.    Plaintiff Hernandez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

103.    For example, on numerous occasions, Defendants required Plaintiff Hernandez to start working one hour prior to his scheduled start time and continue working one hour past his scheduled departure time, and did not pay him anything for the extra hours they required him to work.

104.    Plaintiff Hernandez was never notified by defendants that his tips would be included as an offset for wages.

105.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Hernandez's wages.

106.    Defendants did not provide Plaintiff Hernandez with a statement of wages with each payment of wages, as required by NYLL 195(3).

107.    No notification, either in the form of posted notices, or other means, was given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

108.    Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

109.    Defendants required Plaintiff Hernandez to purchase "tools of the trade" with his own funds—including bicycles, helmets, chains, locks, lights, tires, brakes, and repairs.

16

*Plaintiff Hermenegildo Mercenario*

110.    Plaintiff Mercenario was employed by Defendants from approximately May 2012 until January 17, 2014.

111.    During the course of his employment, Plaintiff Mercenario worked at defendants' 49th Street location.

112.     Plaintiff Mercenario ostensibly was employed by Defendants as a delivery worker. However, during his hours as a delivery worker, Plaintiff Mercenario spent over five hours a day performing the non-delivery duties described above.

113.    Plaintiff Mercenario regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

114.    Plaintiff Mercenario's work duties required neither discretion nor independent judgment.

115.    Plaintiff Mercenario regularly worked in excess of 40 hours per week.

116.    From approximately May 2012 until on or about August 2012, Plaintiff Mercenario worked from approximately 10:00 a.m. until on or about 4:00 p.m. Sundays through Fridays (typically 36 hours per week)

117.    From approximately August 2012 until January 17, 2014, Plaintiff Mercenario worked from approximately 10:30 a.m. until on or about 10:00 p.m., Sundays and Mondays, from approximately 10:00 a.m. until on or about 10:00 p.m. on Tuesdays and Thursdays, from approximately 11:00 a.m. until on or about 10:00 p.m. on Wednesdays and Fridays and from approximately 11:00 a.m. until on or about 4:00 p.m. every other Friday (typically 58 to 63 hours per week).

17

118.     Throughout his employment with Defendants, Plaintiff Mercenario was paid his wages by check.

119.     From approximately May 2012 until on or about August 2012, Plaintiff Mercenario was paid a fixed salary of $30 per shift.

120.     From approximately august 2012 until January 2014, Plaintiff Mercenario was paid a fixed salary of $360 per week on a bi-weekly basis.

121.     Plaintiff Mercenario's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

122.     For example, on numerous occasions, Defendants required Plaintiff Mercenario to start working at 9:00 a.m. and end working at 10:00 p.m. and did not pay him anything for the extra hours they required him to work.

123.     Plaintiff Mercenario was never notified by defendants that his tips would be included as an offset for wages.

124.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Mercenario's wages.

125.     Defendants did not provide Plaintiff Mercenario with a statement of wages with each payment of wages, as required by NYLL 195(3).

126.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Mercenario regarding overtime and wages under the FLSA and NYLL.

127.     Defendants did not give any notice to Plaintiff Mercenario, in English and in Spanish (Plaintiff Mercenario's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

18

128.    Defendants required Plaintiff Mercenario to purchase "tools of the trade" with his own funds—including bicycles, helmets, chains, locks, lights, tires, brakes, and repairs.

*Plaintiff Miguel Flores*

129.    Plaintiff Flores was employed by Defendants from approximately June 2010 until January 17, 2014.

130.    During the course of his employment, Plaintiff Flores worked at Defendants' Lexington Avenue location from approximately June 2010 until on or about November 2010 and at Defendant's 49th Street location from approximately November 2010 until January 2014.

131.    Plaintiff Flores was employed by Defendants as a cook.

132.    Plaintiff Flores regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York. Plaintiff Flores's work duties required neither discretion nor independent judgment.

133.    Plaintiff Flores regularly worked in excess of 40 hours per week.

134.    From approximately June 2010 until on or about January 17, 2014, Plaintiff Flores worked from approximately 10:00 a.m. until on or about 9:30 p.m. Mondays through Fridays and from approximately 10:00 a.m. until on or about 9:00 p.m. on Sundays (typically 62.5 hours per week).

135.    Throughout his employment with Defendants, Plaintiff Flores was paid his wages by check.

136.    From approximately June 2010 until on or about January 2013, Plaintiff Flores was paid $9.00 per hour on a bi-weekly basis.

137.     From approximately January 2013 until January 17, 2014 Plaintiff Flores was paid $10.00 per hour on a bi-weekly basis.

138.     Plaintiff Flores's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

139.     For example, on numerous occasions, Defendants required Plaintiff Flores to continue working until 9:30 p.m. on Sundays and did not pay him any extra funds for the extra time they required him to work.

140.     Although defendants granted Plaintiff Flores a one-hour meal break from Mondays through Fridays, they did not do so on Sundays.

141.     Defendants did not provide Plaintiff Flores with a statement of wages with each payment of wages, as required by NYLL 195(3).

142.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Flores regarding overtime and wages under the FLSA and NYLL.

143.     Defendants did not give any notice to Plaintiff Flores, in English and in Spanish (Plaintiff Flores's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

144.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime or spread of hours compensation, as required by federal and state laws.

145.     Defendants required some Plaintiffs and similarly situated individuals to perform several non-delivery related tasks for over half of each work day, in addition to their primary role

as delivery workers. These responsibilities included the non-tip non-delivery duties described above.

146.    These Plaintiffs and similarly situated individuals were employed ostensibly as delivery workers (tipped employees) by Defendants, although their actual duties included much greater time spent in non-delivery, non-tipped functions.

147.    These Plaintiffs and similarly situated individuals were paid at the lowered tip-credited rate by Defendants; when in fact, under state law Defendants were not entitled to a tip credit because these Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever were less) (12 N.Y.C.R.R. § 146.)

148.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4.) Similarly, under federal regulations an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation. (29 C.F.R. §531.56(e).)

149.    These Plaintiffs' and similarly situated individuals' duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated occupations with duties such as those outlined above. While performing these duties, these Plaintiffs and similarly situated individuals did not receive tips; therefore, they constituted non-tipped occupations, and Defendants could not lawfully take a tip credit for any of the hours that such employees worked in these roles.

150.    In violation of applicable federal and state law, Defendants classified these Plaintiffs and similarly situated individuals as tipped employees and paid them at the tip-credited

21

rate when they should have classified them as non-tipped employees and should have paid them at the minimum wage rate.

151.    Defendants' pay practices resulted in Plaintiffs and similarly situated individuals not receiving payment for all hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

152.     Plaintiffs and similarly situated individuals have been victims of Defendants' common policy and practices of violating their rights under the FLSA and NYLL by *inter alia* not paying the minimum wage and overtime owed for the hours worked.

153.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

154.    At no time did Defendants inform Plaintiffs who worked as delivery workers and similarly situated individuals that they had reduced their hourly wage by a tip allowance.

155.    Defendants failed to post required wage and hour posters in the workplace

156.    Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

157.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

158.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

159.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by

Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

160.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

161.    The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

162.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

163.    Defendants failed to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

164.    Defendants' failure to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

165.    Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

166.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

167.     Defendants failed to pay Plaintiffs and the FLSA class members overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

168.     Defendants' failure to pay Plaintiffs and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

169.     Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)**

170.     Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

171.     Defendants paid Plaintiffs less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

172.     Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

173.     Plaintiffs were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW)**

174.     Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

175.    Defendants failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, , in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

176.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

177.    Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

178.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

179.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 137-1.7 and 137-3.11.

180.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

181.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

182.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

183.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

26

184.   Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

185.   Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

186.   Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

187.   Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a)   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)   Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)   Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)   Declaring that defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(f)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor;

(k)     Declaring that defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

(m)     Declaring that Defendants have violated section 191 of the New York Labor Law;

(n)     Declaring that Defendants have violated section 193 of the New York Labor Law;

(o)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or

28

credits taken against wages,

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred

percent (100%) of the total amount of wages due pursuant to NYLL §§ 663 and 198-d;

(q)     Awarding Plaintiffs and the FLSA class members prejudgment interest and the

expenses incurred in this action, including costs and attorney's fees as provided by the FLSA and

NYLL;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        July 8, 2016

                                   MICHAEL FAILLACE & ASSOCIATES, P.C.


                         By:     /s/ Michael Faillace                        
                                 Michael Faillace
                                 60 East 42nd Street, Suite 2540
                                 New York NY 10165
                                 Telephone: (212) 317-1200
                                 Facsimile: (212) 317-1620
                                 *Attorneys for Plaintiff*